

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**18 CV 6401 CSS**

**A.    Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. James Dean Kendrick # 19301055
2. _____

-VS-

**B.    Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Officer Marisol Vasquez-Mobley     4. E. Torres - I.D.# 602
2. Sgt. Robert Mattick                5. N. Torres - I.D.# 700
3. Officer Richard Schell [Schill]    6. Harnischfeger-I.D.# 108

Note: This section has been continued on another sheet of paper.

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: James Dean Kendrick # 19301055

Present Place of Confinement & Address: USP Allenwood, U.S. Penitentiary, P.O. Box 3000, White Deer, PA 17887.

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

Continued:

## 1. CAPTION OF ACTION

B.    Full Name(s) of Defendant(s)

7. D. Gonzalez   I.D.# 772

8. J. Sitton    I.D.# 288

9. C J   Dominic   I.D.# 255

10. Frank Fedele (Inv.) I.D.# 219

11. Celorio          I.D.# 159

12. Rochester Police Department

13. City of Rochester

14. Anne Chase

15. Howard Relin

16. County of Monroe

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _Marisol Vasquez - Mobley      [Now Retired]_

(If applicable) Official Position of Defendant: _Rochester Police Department Officer, I.D.# 422_

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: _150 S. Plymouth Ave. ; or 185 Exchange Blvd., Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)_

Name of Defendant: _Robert Mattick       [Possibly Retired working at Federal Building]_

(If applicable) Official Position of Defendant: _Rochester Police Department Sergeant I.D.# 0265_

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: _150 S. Plymouth Ave.; or 185 Exchange Blvd., Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)_

Name of Defendant: _Richard Schell       [Possibly a Sergeant Now]_

(If applicable) Official Position of Defendant: _Rochester Police Department Officer,_

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: _150 S. Plymouth Ave.; or 185 Exchange Blvd., Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)_

_Note: This section has been continued on another sheet of paper._

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes___   No _X_   _However, I have filed a Notice of Intent to file a lawsuit with the New York Court of Claims._

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s):_____

Defendant(s):_____

_____

2.    Court (if federal court, name the district; if state court, name the county):_____

_____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

           Is it still pending?  Yes_____  No_____

                If not, give the approximate date it was resolved._____

           Disposition (check the statements which apply):

           _____ Dismissed (check the box which indicates why it was dismissed):

                _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

                _____ By court for failure to exhaust administrative remedies;

                _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

                _____ By court due to your voluntary withdrawal of claim;

           _____ Judgment upon motion or after trial entered for

                _____ plaintiff

                _____ defendant.

**B.**      Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

           Yes_____   No_✗_

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.      Name(s) of the parties to this other lawsuit:

           Plaintiff(s):_____

           _____

           Defendant(s):_____

           _____

2.      District Court:_____

3.      Docket Number:_____

4.      Name of District or Magistrate Judge to whom case was assigned:_____

           _____

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

           Is it still pending?  Yes_____  No_____

                If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

\_\_\_\_ <u>Dismissed</u> (check the box which indicates why it was dismissed):

\_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

\_\_\_\_ By court for failure to exhaust administrative remedies;

\_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

\_\_\_\_ By court due to your voluntary withdrawal of claim;

\_\_\_\_ <u>Judgment</u> upon motion or after trial entered for

\_\_\_\_ plaintiff

\_\_\_\_ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

A. FIRST CLAIM: On (date of the incident) beginning August 1, 1999 and continuing through, and until February 1, 2001
defendant (give the **name and position held** of **each defendant** involved in this incident) Officer Marisol Vasquez-Mobley; Sgt. Robert Mattick; Officer Richard Schell [Schill]; Officer E. Torres; Officer N. Torres; Officer Harnischfeger; Officer

did the following to me (briefly state what each defendant named above did): While acting in an investigating capacity the defendants conspired to manufacture false evidence for use against Plaintiff James Dean Kendrick in criminal proceedings, and then did use said false evidence to deprive this Plaintiff of his liberty and property. The defendants conspired, acted in concert, and aided and abetted each other to do whatever was necessary, lawful or not, to cause Plaintiff's arrest.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: and 42 U.S.C. § 1985; Violating Due Process Clause; (5th) Fifth Amendment; and (14th) Fourteenth Amendment; False Arrest;

The relief I am seeking for this claim is (briefly state the relief sought): Compensatory and punitive damages. Monetary payment for the time spent in prison and on parole supervision, and for duress and mental anguish.

#### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim?  X  Yes _____ No  If yes, what was the result? The conviction was vacated and remitted for further proceedings on the indictment

Did you appeal that decision? _____ Yes _____ No  If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

Note: This section has been continued on another sheet of paper.

A. SECOND CLAIM: On (date of the incident)  May 4, 2000
defendant (give the **name and position held** of **each defendant** involved in this incident) Sgt. Robert Mattick; Officer Richard Schell [Schill]; Rochester Police Department; City of Rochester.

did the following to me (briefly state what each defendant named above did): _seized this Plaintiff by force, with guns drawn, and did arrest this Plaintiff, without an arrest warrant, without probable cause, without witnessing this Plaintiff commit any crime or violation. Said seizure and arrest was based on and a direct result of fabricated evidence, which evidence the defendants knew to be false. Failed to oversee the people who caused the wrong; knew about the wrong but_

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _Violating (4th) Fourth Amendment; (14th) Fourteenth Amendment; Illegal Search & Seizure;_

The relief I am seeking for this claim is (briefly state the relief sought): _Compensatory and punitive damages. Monetary payment for the time spent in prison and on parole supervision, and for duress and mental anguish._

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _X_ Yes _____ No   If yes, what was the result? _The conviction was vacated and remitted for further proceedings on the_

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_Note: This section has been continued on another sheet of paper._

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Do you want a jury trial? Yes _X_ No _____

6

Continued :

## A. FIRST CLAIM :

defendant D. Gonzalez ; Officer J. Sitton ; Officer CJ Dominic ; Inv. Frank Fedele ; Officer Celorio ; Rochester Police Department ; City of Rochester ; Assistant District Attorney Anne Chase ; District Attorney Howard Relin ; County of Monroe .

did the following to me : prosecution, pretrial detention, and that throughout the period of the conspiracy, the defendants pursued their objectives, gave untruthful, erroneous, incomplete and/or misleading statements and testimony against this Plaintiff ; Knew about the wrong but did not try to stop or fix it ; failed to oversee the people who caused the wrong — failing to adequately train the staff ; created a policy or custom that allowed the wrong to occur.

The constitutional basis for this claim under 42 U.S.C. § 1983 is : Malicious Prosecution.

Exhaustion of Your Administrative Remedies for this Claim :

If yes, what was the result ? by Order of the Appellate Division, Fourth Judicial Department, dated February 3, 2017 . Then, on May 25, 2017, all of the remaining Counts of the Indictment were dismissed, in the interest of Justice.

Continued:

## A. SECOND CLAIM:

did the following to me: did not try to stop or fix it; created a policy or custom that allowed the wrong to occur.

The constitutional bases for this claim under 42 U.S.C. §1983 is: False Arrest.

Exhaustion of Your Administrative Remedies for this Claim:

If yes, what was the result? indictment by Order of the Appellate Division, Fourth Judicial Department, dated February 3, 2017. Then, on May 25, 2017, all of the remaining Counts of the Indictment were dismissed, in the interest of Justice.

Continued:

A. THIRD CLAIM: On or about May 3, 2000

defendant Officer Marisol Vasquez-Mobley; Rochester Police Department; City of Rochester.

did the following to me: did Knowingly, intentionally, and with reckless disregard for the truth, manufacture false evidence for use against this Plaintiff in criminal proceedings, then did use said false evidence to deprive this Plaintiff of his liberty, and his Constitutional right to be free from unlawful searches and seizures. Knew about the wrong, but did not try to stop or fix it; failed to oversee the people who caused the wrong; created a policy or custom that allowed the wrong to occur.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Violating Due Process Clause; (5th) Fifth Amendment; and (14th) Fourteenth Amendment; (6th) Sixth Amendment Right to Fair Trial.

The relief I am seeking for this claim is: Compensatory and punitive damages. Monetary payment for the time spent in prison and on parole supervision, and for duress and mental anguish.

Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? Yes. If yes, what was the result? The conviction was vacated and remitted for further proceedings on the indictment by Order of the Appellate Division, Fourth Judicial Department, dated February 3, 2017. Then, on May 25, 2017, all of the remaining Counts of the Indictment were dismissed, in the interest of Justice.

Continued:

A. FOURTH CLAIM: On May 4, 2000

defendant Officer Marisol Vasquez-Mobley; Rochester Police Department; City of Rochester,

did the following to me: did Knowingly, intentionally, and with reckless disregard for the truth, manufacture false evidence for use against this Plaintiff in criminal proceedings, then did use said false evidence to deprive this Plaintiff of his liberty, and his constitutional right to be free from unlawful searches and seizures. Knew about the wrong but did not try to stop or fix it; failed to oversee the people who caused the wrong; created a policy or custom that allowed the wrong to occur.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Violating Due Process Clause; (5th) Fifth Amendment; and (14th) Fourteenth Amendment; (6th) Sixth Amendment Right to Fair Trial.

The relief I am seeking for this claim is: Compensatory and punitive damages. Monetary payment for the time spent in prison and on parole supervision, and for duress and mental anguish.

Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? Yes. If Yes, what was the result? The conviction was vacated and remitted for further proceedings on the indictment by Order of the Appellate Division, Fourth Judicial Department, dated February 3, 2017. Then, on May 25, 2017, all of the remaining Counts of the Indictment were dismissed, in the interest of Justice.

Continued:

A. FIFTH CLAIM: On Between May 4, 2000 and August 1, 2000, the exact date unknown as it was never disclosed

defendant Marisol Vasquez-Mobley; Rochester Police Department; City of Rochester.

did the following to me: did Knowingly, intentionally, and with reckless disregard for the truth, did give sworn false/perjured testimony before a grand jury. Knew about the wrong but did not try to stop or fix it; failed to oversee the people who caused the wrong; created a policy or custom that allowed the wrong to occur.

The constitutional basis for this claim under 42 U.S.C. §1983 is: Violating Due Process Clause; (5th) Fifth Amendment; and (14th) Fourteenth Amendment; (6th) Sixth Amendment Right to Fair Trial.

The relief I am seeking for this claim is: Compensatory and punitive damages. Monetary payment for the time spent in prison and on parole supervision, and for duress and mental anguish.

Exhaustion of Your Administrative Remedies of this Claim:

Did you grieve or appeal this claim? Yes. If yes, what was the result? The conviction was vacated and remitted for further proceedings on the indictment by Order of the Appellate Division, Fourth Judicial Department, dated February 3, 2017. Then, on May 25, 2017, all of the remaining Counts of the Indictment were dismissed, in the interest of Justice.

Continued:

A. SIXTH CLAIM: On Between May 4, 2000 and August 1, 2000
the exact date unknown as it was never disclosed.

defendant Assistant District Attorney Anne Chase; District
Attorney Howard Relin, County of Monroe.

did the following to me: Intimidate and/or coerced
witnesses into changing their testimony to give false/
perjured testimony against this Plaintiff, to deprive
this Plaintiff of his liberty, due process and a fair
trial.

The constitutional basis for this claim under 42U.S.C.§1983 is:
violating Due Process Clause; (5th) Fifth Amendment; and (14th) Fourteenth
Amendment; (6th) Sixth Amendment Right to Fair Trial.

The relief I am seeking for this claim is: Compensatory
and punitive damages. Monetary payment for the time spent
in prison and on parole supervision, and for duress and mental anguish.

Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? Yes. If yes, what
was the result? The conviction was vacated and remitted
for further proceedings on the indictment by Order of the
Appellate Division, Fourth Judicial Department, dated February 3,
2017. Then, on May 25, 2017, all of the remaining Counts
of the Indictment were dismissed, in the interest of Justice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 25, 2018___
                              (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

James Dean Kendrick

James Dean Kendrick, Pro Se

USP. Allenwood, U.S. Penitentiary, P.O. Box 3000, White Deer, PA 17887
                                                Signature(s) of Plaintiff(s)



" EXHIBIT - A "



" EXHIBIT - A "

The time to file this lawsuit has been tolled, as Plaintiff could not file this lawsuit until he got the conviction overturned. Enclosed is a copy of the Appellate Division Order, and a copy of the Transcript for the dismissal of all remaining Counts of the Indictment [2000-0345 B].

I, James Dean Kendrick, declare under penalty of perjury that I turned this legal mail into the hands of facility staff on May 25, 2018, and that for the purpose of filing, pursuant to the inmate "Mailbox Rule", this lawsuit should be deamed filed on May 25, 2018.

Sign : James Dean Kendrick
Date : May 25, 2018
Print : James Dean Kendrick

cc Files

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1225**
**KA 02-00049**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES KENDRICK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES KENDRICK, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Kenneth R. Fisher, J.), rendered February 1, 2001.  The appeal was
held by this Court by order entered May 8, 2015, decision was reserved
and the matter was remitted to Supreme Court, Monroe County, for
further proceedings (128 AD3d 1482).  The proceedings were held and
completed.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the plea is vacated, that part of the
motion seeking to suppress physical evidence from the vehicle is
granted, and the matter is remitted to Supreme Court, Monroe County,
for further proceedings on the indictment.

Memorandum:  Defendant appeals from a judgment convicting him,
upon his plea of guilty, of criminal possession of a controlled
substance in the second degree (Penal Law § 220.18 [1]).  When this
appeal was previously before us, we concluded that, as the People
correctly conceded, Supreme Court (Fisher, J.) erred in determining
that defendant lacked standing to challenge the legality of the police
search of a vehicle in which a large quantity of cocaine was found in
the back seat (*People v Kendrick*, 128 AD3d 1482, 1482-1483).  We
further concluded that the error was not harmless because there was a
reasonable possibility that the error contributed to defendant's
decision to plead guilty.  Upon remittal, the court (Winslow, J.)
conducted a suppression hearing, following which it refused to
suppress the cocaine, ruling that the People proved that the driver of
the vehicle voluntarily consented to the search of the vehicle, and
that the warrantless search was therefore lawful.  We now reverse.

"It is the People's burden to establish the voluntariness of

defendant's consent, and that burden is not easily carried, for a
consent to search is not voluntary unless 'it is a true act of the
will, an unequivocal product of an essentially free and unconstrained
choice. Voluntariness is incompatible with official coercion, actual
or implicit, overt or subtle' " (*People v Packer*, 49 AD3d 184, 187,
*affd* 10 NY3d 915, quoting *People v Gonzalez*, 39 NY2d 122, 128). "An
important, although not dispositive, factor in determining the
voluntariness of an apparent consent is whether the consenter is in
custody or under arrest, and the circumstances surrounding the custody
or arrest" (*Gonzalez*, 39 NY2d at 128).

Here, defendant was a front seat passenger in the vehicle in
which the cocaine was found by the police. The only other occupant
was the driver, who owned the vehicle and consented to the police
search. At the suppression hearing, the sole witness called by the
People was the police officer who obtained consent to search from the
driver. That officer acknowledged, however, that she was not involved
in the stop of the vehicle and did not know the basis for the stop.
She was unaware whether the driver committed any traffic infractions
and did not know why the driver was taken into custody. According to
the officer, she came into contact with the driver in an interview
room at the police station at approximately 8:00 p.m., which was more
than 4½ hours after the vehicle was stopped. The officer did not know
who, if anyone, had questioned the driver before she entered the
interview room; did not know whether anyone had advised him of his
*Miranda* rights; did not know whether he had been handcuffed prior to
her arrival; did not know whether he had been given any food or drink;
and did not know whether he had been allowed to make any telephone
calls. The officer merely testified that the driver spontaneously
told her during the interview that there was cocaine in the back seat
of his vehicle, and that he then voluntarily consented to the search
by signing a consent to search form.

We conclude that, "[b]ecause the People failed to present
evidence at the suppression hearing establishing the legality of the
police conduct, [the driver's] purported consent to the search of his
vehicle was involuntary[,] and all evidence seized from the vehicle as
a result of that consent should have been suppressed" (*People v Purdy*,
106 AD3d 1521, 1523; *see Packer*, 49 AD3d at 187-189). We therefore
reverse the judgment, vacate the plea, grant defendant's omnibus
motion insofar as it sought suppression of the cocaine found in the
vehicle, and remit the matter to Supreme Court for further proceedings
on the indictment.

In light of our determination, we do not address the contention
raised by defendant in his pro se supplemental brief.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court

1

1    STATE OF NEW YORK

2    COUNTY OF MONROE                COUNTY COURT

3    ------------------------------------------x

4    THE PEOPLE OF THE STATE OF NEW YORK,      :    IND # 2000-0345B

5    -vs-                                      :         DISMISSAL

6    JAMES D. KENDRICK,                        :

7                        Defendant.            :
     ------------------------------------------x

8
                                    Hall of Justice
9                                   Rochester, New York  14614
                                    May 25, 2017

10

11   B E F O R E:

12           HONORABLE MELCHOR E. CASTRO,

13                           Acting County Court Judge

14   A P P E A R A N C E S:

15           SANDRA DOORLEY, ESQ.
             District Attorney - County of Monroe
16           47 South Fitzhugh Street
             Rochester, New York 14614
17           Appearing for the People of the State of New York
             By:  GREGORY CLARK, ESQ.
18                   Assistant District Attorney

19           LAWRENCE KASPEREK, ESQ.
             Attorney for the Defendant
20
             JAMES D. KENDRICK
21           Defendant

22

23

24                                  CAROL P. RAES, C.S.R.
                                    Senior Court Reporter
25

1   (Defendant was brought into the courtroom.)

2   THE COURT:  All right.  This is James Kendrick

3   appearing with Mr. Kasperek, and Mr. Clark appears on

4   behalf of the People.

5   Yesterday, we talked about the fact that ABDM

6   was reporting six counts in the indictment, and I was

7   questioning whether Judge Winslow had already dismissed

8   one count.  Anybody have any information about that?

9   MR. CLARK:  I actually sort of stopped looking

10  into all of that after my office made a different

11  determination.  As I indicated to your Honor and to

12  counsel yesterday, after our court appearance, I went

13  back to the office.  My office met with AUSA Andy

14  Rodriguez.  We had some further discussions about the

15  merits of this case, the equities involved, and due to

16  the fact that the defendant is now serving three life

17  sentences after federal convictions, I don't believe this

18  conviction would have any impact on that either way.

19  It's my understanding this case was still

20  pending appeal when he was sentenced by Judge Geraci on

21  the federal matter, and Judge Geraci specifically

22  excluded this conviction from that consideration so it

23  was not considered as far as points, and so on, and so

24  forth.  So due to that, at this point, the People are

25  moving to withdraw these charges and dismiss the case in

1   the interest of justice, and given that, I did not

2   further inquire as to which counts were still active.

3          THE COURT:  You're moving to withdraw all the

4   counts of the indictment?

5          MR. CLARK:  Yes.

6          THE COURT:  Okay.  Mr. Kasperek?

7          MR. KASPEREK:  Just two things, Judge.  First

8   of all, we appreciate the government's application

9   regarding the circumstances.  We would join in that.  We

10  would appreciate that all of Mr. Kendrick's property that

11  was seized from him at the time, obviously nothing that

12  involves contraband, would be returned to him.  Because

13  the indictment is being dismissed, that means the record

14  is going to be sealed, and as you know, there are

15  consequences regarding his initial conviction or arrest

16  regarding this, so we would appreciate the sealing order

17  would include his removal of DNA or any records from the

18  CODIS file regarding this specific charge.

19         THE COURT:  Mr. Clark?

20         MR. KASPEREK:  Just one other thing, I

21  apologize.  As you know, as a consequence of the

22  conviction, there were surcharges that were imposed upon

23  my client as a consequence of that.  Because of the

24  motion by the government and our joining in that, those

25  surcharges should be returned to him as well.

1   THE COURT:  They have already been paid?

2   MR. KASPEREK:  Yes, they have been paid.

3   THE COURT:  All right.  Anything you want to

4   say, Mr. Clark?

5   MR. CLARK:  Only thing I can possibly address

6   is just the property.  I will look into that.  This was

7   17 years ago, so I don't know what the retention policies

8   are as far as his personal property, but I will look into

9   that, and hopefully, if it's still there, I'll return it

10  to him.

11  MR. KASPEREK:  The property may have been,

12  because of the federal charges, may have moved over to

13  the federal side.  I don't know, but they may have moved

14  some stuff back and forth.  We appreciate his efforts to

15  look into what's going on.

16  MR. CLARK:  I can't sign on anything held by

17  the federal authorities, only the local holds.

18  MR. KASPEREK:  We appreciate that.  Thank you.

19  THE COURT:  All right.  People having moved to

20  withdraw the indictment, I will dismiss all counts of the

21  indictment.

22  MR. KASPEREK:  Thanks, Judge.  Finally, in

23  light of the circumstances, my client should be returned

24  to BOP.

25  THE COURT:  To VOP?

1          MR. KASPEREK:  BOP, Bureau of Prisons.

2          THE COURT:  That's scheduled for later this

3   week, I think.

4          MR. CLARK:  Tomorrow, my understanding is.

5          MR. KASPEREK:  Just making sure there is no

6   delay regarding that circumstance.

7          MR. CLARK:  When I spoke with the jail, they

8   told me he was scheduled to go back tomorrow morning.

9          MR. KASPEREK:  That sounds likely.  Thanks

10  very much.

11      (Proceedings concluded.)

12

13  CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT

14

15  _____

16  CAROL P. RAES, C.S.R., Senior Court Reporter

17

18

19

20

21

22

23

24

25

18 CV 6401 CJS

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Dean Kendrick #1930/055

**DEFENDANTS**
Marisol Vasquez - Mobley

**(b)** County of Residence of First Listed Plaintiff  Union
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  Pro Se
James Dean Kendrick #1930/055
USP Allenwood
U.S. Penitentiary, P.O. Box 3000
White Deer, PA 17887

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|                                        | PTF | DEF |                                                      | PTF | DEF |
|----------------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State                  | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State               | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country| ☐ 3 | ☐ 3 | Foreign Nation                                       | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"42 U.S.C. § 1983, Civil Rights Action"; and "42 U.S.C. § 1985"

Brief description of cause:
Violation of Due Process; Unlawful Search & Seizure; False Arrest; Malicious-

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
#10,000,000.⁰⁰

CHECK YES only if demanded in complaint: Prosecution
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  May 22, 2018

SIGNATURE OF ATTORNEY OF RECORD  James Dean Kendrick "Pro Se"

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.